John Shek
2220 Santiago Street
San Francisco, CA 94116
(925) 963-1610



FILED
JUN 12, 2018
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA -SAN-FRANCISCO

John Shek  ] CASE NO, 18-30051 DM
    **Debtor**  ] **DECLARATION IN SUPPORT**
       ] DEBTOR AMENDED RESPONSE &
       ] OPPOSITION TO CHAPTER 13 TRUSTEE'S
       ] MOTION TO DISMISS CASE PRIOR TO
       ] CONFIRMATION

A hearing of meeting the creditors was held on June 7,2018. There are four issues Debtor would like to address :

1 ) Trustee present a document with Debtor's signature. Trustee questioning Debtor : " Mr. Shek, **was** this your signature ? "

    That document was indeed signed by Debtor but it was the First Amended Chapter 13 plan which Debtor's Attorney refused to file. Debtor signed & filed on 5/11/2018. See Attached as **Exhibit A** Dkt # 52 , 7 pages.

*****   Debtor reported that his attorney filed **Dkt 36 37,38,39,40 & 41 without Debtor's knowledge & signature.**

*Trustee perhaps was attempted to discredit Debtor by using Dkt 52 as if Debtor had signed & with knowledges of documents filed.*

2) Attorney's Paralegal delibelately filed employment that Debtor was no longer working there. A parttime job income for the Trustee to dismiss Debtor's Chapter 13 case.

Mr. Steven Kolkey refused reported Debtor's current incomes & employments. The Attorney asserted that she was busy in San Jose Court did not attend 3/1/2018 & 4/9/2018 hearing. Trustee rushed to file motion dismiss prior to confirmation after receiving Debtor declaration filed on May 9,2018 citing 08-998 HAMILTON V. LANNING 545 F 3d 1269.

There were evidents Mr. Steven Kolkey knew about Debtors other employments and income but refused to update for hiden agenda. **See Exh. B**
**1 of 5 Debtor notified his income on 4/2/18 Dkt # 48 , Dkt # 50 & Dkt 51**

    Email from Nancy Weng :
      " I told you to stop cc' ing the trustee
      !!!!! you are waiving privilege !! Sign the
      amended plan. Other option is , I return all
      your money and you get another attorney
      who you feel can serve you better ."

Debtor's responsed to Ms. Nancy Weng 's email :

    " How can I sign your amended plan ? Steve put
    my employments for Trustee to verify to dismiss
    my Chapter 13 ? because I do not work at Essence
    printing now. The payment plan on employment
    only $ 1,298.xx not trully reflecting my true income
    for Trustee to dismiss my Chapter 13 ? " **Exhibit B 2of 5 , 3of 5**

Attorney 's Paralegal said in his email to Debtor :
    " I don't have time to argue with you. We disclosed what you
    your jobs were at the time of filing. What the $ 3,100 self
    employment income ? " **See Exhibit B 4 of 5**

Debtor 's attorney & Paralegal using the lower <u>income 6 months prior</u> to filing <u>Chapter 13 for the Trustee to dismiss case prior to confirmation.</u> Mr. Kolkey deliberately ; refused ; to amend. The delays was caused by Debtor 's attorney and her paralegal. Debtor was given no choice but to file payment plan with Court on May 9,2018 Citing ***Case 08-998 HAMILTON V. LANNING 545 F. 3d 1269*** **See Exhbit B 5 of 5**

The Trustee asserted unfound reasons in the motion to dismissal because Trustee were surprised Debtor knew that Bankruptcy Court may consider evidence

suggesting that the Debtor's income or expense during that period are likely to be different from his or her income or expenses during the Pre-Filing period report on Official form 122C. The Attorney refused to amend Debtor 's true income and employments to mislead the Court for dismissal. **See Exhibit B  5 of 5**

Debtor 's attorney received Debtor 's May 9,2018 filing. Debtor 's attorney filed motion to withdraw as attorney on May 15,2018 **See  Dkt 57.   Exhibit  C.**

Trustee rushing to file motion to dismiss Case Prior To Confirmation immediately on May 14,2018 after learning **08-998 HAMILTON V. LANNING Supreme Court Case .  See Dkt 54**

Debtor 's attorney knew that Debtor working on a lots of parttime jobs. The Attorney attempted to rush it through by filing an ex parte motion shorten time to hearing on motion to withdraw as attorney. See Dkt 57 , 61.

Debtor 's attorney subsquently file Ex Parte motion to shorten time for hearing on motion to withdraw as Attorney See Dkt 61.  Debtor 's attorney knew that Debtor working on 4 parttime jobs.  The attorney attempted to rush it through.  Debtor will  have no time to file opposition.

Currently , Debtor will not file Opposition to Debtor 's motion to withdraw because Debtor's attorney filed Withdrawal Of  Documents. ***See Dkt 72 filed on 6/8/2018***

Trustee on June 7,2018 341 hearing asserted that Debtor was behind $ 5,475 dollar.  Debtor informed Trustee that he just made the payment on June 5,2018. Trustee immediately instructed Debtor to make one more payment prior to June 20,2018.  Debtor was bewildered , Two payments in one month ?

Trustee was in pure ill intend to take Debtor 's house.  Debtor work on multiple jobs , pay day are not on the same week. Beside required a Chapter 13 Debtor to make $ 10,950.xx in less than 15 days. It is absurb.  Debtor just make the payment on June 5,2018. Trustee said : " Just two days ago, too soon to update on the system" nonetheless required Debtor to make one more payment on and before June 20,2018 ?  **See Dkt 71  2 pages   Exhibit D**

This amended motion and declaration will be forwarding to his attorney to mail to creditors.  The motion was hand delivered in person to the address stated below :

Clerk of U.S Bankruptcy Court  
450 Golden Gate Ave.  
San Francisco, CA 94102

U.S Bankruptcy Court  
450 Golden Gate Ave, 18 th floor  
San Francisco, CA 94102

I declare under penalty under the law of the States of California of the United States of America that the foregoing is true and correct and that this declaration was executed in June 12, 2018.

Dated: June 12, 2018

Respectfully Submitted

June 12, 2018
John Shek
Debtor

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

FILED

MAY 1 1 2018

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Name of Debtor: John Shek, Mr

Case No. 18-30051

Last four digits of Soc. Sec. No.:
6438
Last four digits of Soc. Sec. No.:

**FIRST AMENDED
CHAPTER 13 PLAN**

### Section 1. Notices

**1.01.** **Notices.**

(a) **Use of this form is mandatory.** The Bankruptcy Court of the Northern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan. Fed. R. Bankr. P. 3015.1.

(b) **Notice of specific plan provisions required by Fed.R.Bankr.P. 3015.1(c).** Any nonstandard provision is in section 7 below.

If the plan proposes to limit the amount of a secured claim based on a valuation of the collateral for the claim, this box must be checked [ ].

If the plan proposes to avoid a security interest or lien, this box must be checked [ ].

If there are nonstandard provisions, this box must be checked [ ]. A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

**1.02.** **No alterations to form plan permitted.** Other than to insert text into designated spaces, to expand tables to include additional items, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered. No such alteration will be given any effect.

**1.03.** **Valuation of collateral and lien avoidance.** Unless otherwise provided in Section 7 below, as to non-governmental units, the confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien. This relief requires a separate claim objection, valuation motion or adversary proceeding, or lien avoidance motion, with supporting evidence, that is successfully prosecuted in connection with the confirmation of this plan. Determining the amount of secured and priority claims of governmental units, however, must be done in compliance with Fed.R.Bankr.P. 3012.

**1.04.** **Confirmation of Plan.** In the absence of a timely written objection, the plan may be confirmed without a hearing. It will be effective upon its confirmation.

### Section 2. Plan Payments and Plan Duration

**2.01.** **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $275.00 for 2 months; $5475.00 for 34 months; $5700 for 12 months; $6125 for 12 months from future earnings. This monthly plan payment is subject to adjustment pursuant to section 3.07(b)(5) below and it must be received by Trustee not later than the 20th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all adequate protection payments due on Class 2 secured claims.

**2.02.** **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: Wages and family contribution

**2.03. Duration of payments.** The monthly plan payments will continue for 60 months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event may a plan be proposed and confirmed that exceeds 60 months. This section is to be read in conjunction with section 3.14.

### Section 3. Claims and Expenses

#### A. Proofs of Claim

**3.01.** With the exception of the payments required by sections 3.03, 3.07(b), 3.08(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**3.02.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, adversary proceeding, confirmed plan, or lien avoidance motion affects the amount or classification of the claim, consistent with section 1.03.

**3.03.** Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

#### B. Administrative Expenses

**3.04. Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall retain up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor provided for by the plan.

**3.05. Debtor's attorney's fees.** Debtor's attorney was paid $1800.00 prior to the filing of the case. Additional fees of $3050.00 shall be paid through this plan upon court approval. Debtor's attorney will seek the court's approval by [*choose one*]: X ☐ complying with General Order 35; or ☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

**3.06. Administrative expenses.** In accordance with sections 5.02 and 5.03 below, $150.00 of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

#### C. Secured Claims

**3.07. Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

**(a) Cure of defaults.** All arrears on Class 1 claims shall be paid in full by Trustee. The monthly installments specified in the table below as the "monthly arrearage dividend," in conjunction with the distribution scheme in section 5 of this plan, shall pay the arrears in full.

  (1) Unless otherwise specified below, interest will accrue at the rate of 0%.

  (2) The arrearage dividend must be applied by the Class 1 creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

**(b) Maintaining payments.** From plan payments received, Trustee shall make all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

  (1) Unless sub-part (b)(1)(A)or(B) of this section is applicable, the amount of the post-petition monthly payment shall be the amount specified in the plan.

    (A) If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

**(B)** Whenever the post-petition monthly payment amount is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change in a proof of claim is not sufficient. Until and unless an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

**(2)** If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed in the table below.

**(3)** Trustee will not make a partial distribution on account of a post-petition monthly payment.

**(4)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor may be obligated to pay a late charge.

**(5)** If the holder of a Class 1 claim files a notice of payment change in accordance with Fed.R.Bankr.P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly, without modification of the plan.

**(6)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Fed. R. Bankr. P. 3002.1(c), Debtor may modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(7)** Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure arrears, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Monthly Arrearage Dividend | Monthly Arrearage Dividend Start Date (Start Date will be a specific month/year during the plan) | Post-Petition Monthly Payment |
|---|---|---|---|---|---|
| 1. Mr. Cooper/2220 Santiago Street, San Francisco, CA 94116 | $7247.00 | 0% | $121 | March, 2018 | $860 |
| 2. Citibank/2220 Santiago Street, San Francisco, CA 94116 | $134,527 | 0% | $2242 | April, 2018 | $1641 |
| 3. | | | | | |
| | | | Totals: | $2363 | $2501 |

**3.08.** **Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is a monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation and once a proof of claim is filed, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by 11 U.S.C. § 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by complying with Section 1.03 above.

**(1) Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value. These claims must be included in Class 2(A).

**(2) Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

**(3) Class 2 claims secured by Debtor's principal residence.** Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien on the property interest of the Debtor or the Estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) completion of the plan and, unless not required by the bankruptcy court, entry of Debtor's discharge under 11 U.S.C. § 1328.

| Class 2(A) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(A) claims are not reduced based on value of collateral | | | | | |
| 1. N/A | | | | | |
| 2. | | | | | |
| | | | | Total $ | |

| Class 2(B) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(B) claims are reduced to an amount greater than $0 based on value of collateral | | | | | |
| 1. | | | | | |
| 2. | | | | | |
| | | | | Total $ | |

| Class 2(C) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(C) are claims reduced to $0 based on value of collateral | | | | | |
| 1. | | | $0.00 | 0% | $0.00 |
| 2. | | | $0.00 | 0% | $0.00 |
| | | | | Total $ | $0.00 |

3.09. Class 3 includes all secured claims satisfied by the surrender of collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| 1. N/A | | |
| 2. | | |

3.10. **Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims are not in default and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| 1. N/A | | |
| 2. | | |

3.11. **Bankruptcy stays.**

(a) Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights under non-bankruptcy law against its collateral; and (2) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, and to dispose of it under applicable law, and to exercise its rights against any nondebtor.

(b) Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

(c) If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the filing of a proof of claim.

### D. Unsecured Claims

3.12. **Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507.**

(a) **Domestic support obligations entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less or 11 U.S.C. § 1322(a)(4) is applicable. When the claim holder has agreed to accept less than payment in full or when 11 U.S.C. § 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(b) **Taxes, and other priority claims entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(c) **Estimate of priority claims pursuant to 11 U.S.C. § 507.** Debtor estimates that all priority claims, not including those identified in section 7, total $0.00.

3.13. **Class 6 includes designated nonpriority unsecured claims,** such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

3.14. **Class 7 consists of all other ̂ priority unsecured claims** not provided ̇ ̇ in Class 6. These claims total approximately $3,018.00. Class 7 creditors shall be paid on a pro-rata basis by the Trustee from the funds remaining after the Trustee pays the administrative expenses and other claims provided for in this plan.
**[select one of the following options:]**

    **X**    **Percent Plan.** Class 7 claimants will receive no less than 100% of their allowed claims through this plan.

    ____    **Pot Plan.** Class 7 claimants are estimated to receive __% of their allowed claims through this plan.

This section is to be read in conjunction with section 2.03.

### Section 4. Executory Contracts And Unexpired Leases

4.01.    Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly pay all post-petition monthly lease or contract payments to the other party to the executory contract or unexpired lease. Unless otherwise permitted under the Bankruptcy Code or Section 7 herein, pre-petition arrears shall be fully paid. Trustee shall pay the monthly arrearage dividend specified in the table below.

| Name of Other Party to Executory Contract/ Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Monthly Arrearage Dividend |
|---|---|---|---|
| 1. N/A | | | |
| 2. | | | |
| | | Total $ | |

4.02.    Debtor rejects the executory contracts and unexpired leases listed below. Any executory contract or unexpired lease not listed in section 4.01 or section 4.02 is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Description of Executory Contract/Unexpired Lease |
|---|---|
| 1. N/A | |
| 2. | |

### Section 5. Payment of Claims and Order of Distribution

5.01.    After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

5.02.    **Distribution of plan payment by Trustee.** Debtor's monthly plan payment must be sufficient to pay in full: **(a)** Trustee's fees; **(b)** post-petition monthly payments due on Class 1 claims; **(c)** the monthly dividend specified in section 3.06 for administrative expenses; and **(d)** the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to Trustee, Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in (a) through (d) above. If the amount paid by Debtor, however, is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a) through (d), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart, except as permitted by section 3.07(b)(2) and (3).

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: **first**, section 3.06 administrative expenses; **second**, Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; **third**, Class 5 priority claims; **fourth**, Class 6 unsecured claims; and **fifth**, Class 7 unsecured claims. Over the plan's duration, these distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01.

5.03.    **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)(B), and second, to holders of approved administrative expenses on a pro rata basis.

## Section 6. Miscellaneous Provisions

6.01. **Vesting of property.** Property of the estate will revest in Debtor upon confirmation unless Debtor checks the following box: ☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate or insure any estate property. Upon dismissal or completion of this plan, all property shall revest in Debtor. Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

6.02. **Remedies upon default.** If Debtor defaults under this plan, Trustee or any other party in interest may request appropriate relief by filing a motion pursuant to Local Bankruptcy Rule 9014-1, et seq. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. This is without prejudice to Debtor's right to seek plan modification under 11 U.S.C. § 1329.

6.03. **Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargability of any debt or the discharge of any debt that is non-dischargable as a matter of law in a Chapter 13 case under 11 U.S.C. § 1328(a).

## Section 7. Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be set forth below, or on a separate page(s) appended to this plan. Each such provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by it. Nonstandard provisions placed elsewhere in the plan are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7 and appended to this plan.

Dated: 4/6/2018  5/9/2018

/s/ John Shek, Mr
Debtor

May 09, 2018
Debtor

Dated: 4/6/2018

/s/ Nancy Weng
Debtor's Attorney

John Shek
2220 Santiago Street
San Francisco, CA 94116
(925) 963-1610

**FILED**
APR 02 2018
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA -SAN-FRANCISCO

John Shek | CASE NO, 18-30051
    Debtor | 
| DEBTOR'S DECLARATION

I, John Shek (Debtor) Certify that on March 26,2018 with authorization letter attached to this declaration that Debtor was authorized to communicate with Mr. Cooper mortgage Company A.K.A Nationstar Mortgage Company. **Exhibit A**. (3/26/18 letter)

Debtor requested Mr. Copper to take his Escrow off. Attached November 2017 Property payment to the County of San Francisco furthermore April 2018 property payment was paid on March 26,2018 with the County of San Francisco. **See Exhibit B**. (3pages)

Debtor also make a payment in goodfaith on March 16,2018 awaiting for Mr. Cooper Mortgage Co. to re-adjusted the true payment because the escrow in **$7,167.75 dollars had double Debtor's mortgage from $ 1,721.38 to $3,263.66.**

**Currently Debtor's work income is $ 4,141.82. Business income is $ 3,100.00 more or less**

**Debtor attached the retirement benefit package on January 11,2011 ,when he was laid off from Children Hospital in Oakland. See Exhibit C**

This declarationwas stated inhis declaration filed with this Court forward to his counsel to mail to creditors. The motion was hand delivered in person to the address stated below :

    Clerk of U.S Bankruptcy Court      U.S Bankruptcy Court
    450 Golden Gate Ave.      450 Golden Gate Ave , 18 th floor
    San Francisco , CA 94102      San Francisco , CA 94102

I declare under penalty under the law of the States of California of the United States of America that the foregoing is true and correct and that this declaration was executed in April 2,2018.

Dated : April 2 ,2018      Respectfully Submitted

                                John Shek

Bankruptcy Case No. 18 - 30051

## Re: My Employers / Work Income / Authorized Creditors release information

**From:** shekrjohn <shekrjohn@aol.com>
**To:** nweng <nweng@tsaoyee.com>
**Cc:** liliant <liliant@burchardtrustee.com>
**Bcc:** steve.kolkey <steve.kolkey@gmail.com>
**Date:** Mon, Apr 16, 2018 9:13 pm

Hi Nancy
How can I sign your amended plan. Steve put my employment for Trustee to verify to dismiss my chapter 13 because I do not work at Essence Printing now. The payment plan on employment only $1,298 dollars not trully reflecting my income for Trustee to approve my chapter 13 plan
John Shek
April 17,2018

-----Original Message-----
From: Nancy Weng <nweng@tsaoyee.com>
To: shekrjohn <shekrjohn@aol.com>; steve.kolkey <steve.kolkey@gmail.com>
Sent: Mon, Apr 16, 2018 8:25 pm
Subject: RE: My Employers / Work Income / Authorized Creditors release information

I told you to stop cc'ing the trustee!! You are waiving privilege!! Sign the amended plan.
Other option is I refund all your money and you get another attorney who you feel can serve you better.

**From:** shekrjohn@aol.com [mailto:shekrjohn@aol.com]
**Sent:** Monday, April 16, 2018 8:07 PM
**To:** steve.kolkey@gmail.com
**Cc:** liliant@burchardtrustee.com
**Subject:** Re: My Employers / Work Income / Authorized Creditors release information

Hi Steve , Liliant , and Nancy
I have no domestic support. My fiancee is not here yet. I sent money to her every now and then
I have no child support. My son older than 23
John Shek
April 16,2018


-----Original Message-----
From: steve kolkey <steve.kolkey@gmail.com>
To: shekrjohn <shekrjohn@aol.com>
Sent: Mon, Apr 16, 2018 6:15 pm
Subject: Re: My Employers / Work Income / Authorized Creditors release information

John,
I have received your email. Not clear why you saw fit to send duplications of the Authorization.
Where is the Checklist I sent you to be completed? Where is the Domestic Support Obligation that
I sent you? For the 5th time, I'm resending these. Please complete both Class 1 Checklists that
are attached; please sign the Domestic Support Obligation Checklist.

Please refer me to the area on the plan, John, that shows your income and employers. And
if they are there, please let me know the changes that are to be made. Be sure you are looking
at the plan..I've attached it for the 5th time as well.

Your email is confusing as to both income and stubs. Are you an employee at IHHS? at Haos Auto Inc.?
and at D'Etre/Skones? You then mention self-employment? Doing what? Are you a "dba"? or an
independent contractor? To possibly help clarify, I've attached a spread sheet for you to complete.
It covers the 6 months prior to the filing plus the month of filing.
If I have missed one of your employers in this time period, John,
please add it and indicate the gross monthly income in the correct column. I would like
you to provide your GROSS MONTHLY INCOME-THAT'S BEFORE TAXES.
If you are self-employed, please provide that information as well.

I would also not recommend faxing documents/calling the Chapter 13 Trustee. They tend not
to like that.
Please confirm receipt of this email.
Steve

On Mon, Apr 16, 2018 at 4:03 PM, <shekrjohn@aol.com> wrote:

**My Employers / Work Income / Authorize  Creditors release information**

**From:** shekrjohn <shekrjohn@aol.com>
**To:** steve.kolkey <steve.kolkey@gmail.com>
**Cc:** nweng <nweng@tsaoyee.com>
**Bcc:** liliant <liliant@burchardtrustee.com>
**Date:** Mon, Apr 16, 2018 4:03 pm

📎 April 16 2018 Author...pdf (2.2 MB)

Exhibit B
3 of 5

---

Ms. Weng , Rose Garcia & Mr. Kolkey
My employers are followings : 1) IHHS  2) Haos Auto Inc. 3) E' Etre / Skones
 $ 925.82 + 1,920.00 + $ 1,296.88 =  $ 4,141.82 Monthly

My Self Employment income is about  $ 3,100.00 monthly

I also had signed the Authorization 2 of my creditors ( one is Citi Bank the other is Mr. Cooper AKA NationStar mortgage )
 release my information to Trustee on my Bankruptcy Chapter 13 case

Please see attached documents faxed to Trustee.   I also would like to inform Trustee that I was being blocked or your fax line
was turned off.  Mr Kolkey I am awaiting for you to re-draft the Scheduled plan payment given your error or perception of my
employers and income.   I had given my pay stuffs to you and Nancy in March 2018 and in Feb. 2018


Thank you for your time

Sincerely yours

John Shek

**RE: Amended PLAN**

**From:** Nancy Weng <nweng@tsaoyee.com>
**To:** shekrjohn <shekrjohn@aol.com>; steve.kolkey <steve.kolkey@gmail.com>
**Date:** Mon, Apr 16, 2018 8:46 pm

I don't' have time to argue with you. We disclosed what your jobs were at the time of filing. What's the $3,100 self-employment income

**From:** shekrjohn@aol.com [mailto:shekrjohn@aol.com]
**Sent:** Monday, April 16, 2018 8:05 PM
**To:** steve.kolkey@gmail.com
**Cc:** Nancy Weng
**Subject:** Fwd: Amended PLAN

Hi Steve
Hi Nancy
Four day ago , you sent me an email thinking you have included the document. I forward to Nancy , you and liliant Tang
I am forward it again. You did not have to do special work , If you do it right the first time. I had informed you and Nancy
that I was fired by Essence printing after I had disclosed my employment. I make it with my declaration . Please review your record
I faxed to Trustees , Nancy , and you this documents ( employment and pay amount in each job )
SIncerely yours
John Shek

-----Original Message-----
From: shekrjohn <shekrjohn@aol.com>
To: nweng <nweng@tsaoyee.com>
Cc: liliant <liliant@burchardtrustee.com>
Sent: Wed, Apr 11, 2018 5:49 pm
Subject: Fwd: Amended PLAN

Hi Steve and Nancy
The email steve sent me without attachment of 1st Amended Plan, plan calculations,
2nd Amended Schedule I and J, and Trustee documents to review and sign now that you
are in a Plan that has the mortgage payments ??????????????? See for yourselves
I forward to you both
John Shek
April 11,2018


-----Original Message-----
From: steve kolkey <steve.kolkey@gmail.com>
To: shekrjohn <shekrjohn@aol.com>; nancy weng <nweng@tsaoyee.com>
Sent: Wed, Apr 11, 2018 11:03 am
Subject: Re: Amended PLAN


On Fri, Apr 6, 2018 at 3:55 PM, steve kolkey <steve.kolkey@gmail.com> wrote:
John,
Per Nancy's instructions, please find attached the 1st Amended Plan, plan calculations,
2nd Amended Schedule I and J, and Trustee documents to review and sign now that you
are in a Plan that has the mortgage payments included.

The 1st Amended Plan incorporates both mortgages and arrears; the plan calculation shows
how I arrived at the numbers.
The 2nd Amended Schedule I and J show that you can feasibly make the payments.
Please complete the information requested on the 2 Checklists for your mortgages.

Please review, and if acceptable, please print, sign and fax/scan the documents to Nancy's office.
All documents need to be signed. Please sign right on top of your name; if your name does
not appear on the document, sign on the bottom
Please confirm receipt of this email.
Yours truly,
Steve Kolkey
Paralegal for Nancy Weng, Esq.

---------- Forwarded message ----------
From: **Nancy Weng** <nweng@tsaoyee.com>
Date: Fri, Apr 6, 2018 at 3:25 PM
Subject: Amended PLAN
To: "steve kolkey (steve.kolkey@gmail.com)" <steve.kolkey@gmail.com>, "shekrjohn@aol.com" <shekrjohn@aol.com>


Steve: Can you email JOHN SHEK, who is cc'd here, a copy of the Amended Plan which includes BOTH his mortgages in the PLAN, so he can review it and sign it and send it back to us so we can file it with the trustee?????



**FILED** Exhibit B 5 of 5

MAY -9 2018

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

John Shek
2220 Santiago Street
San Francisco, CA 94116
(925) 963-1610

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA -SAN-FRANCISCO

John Shek            ] CASE NO, 18-30051
    **Debtor**      ] Declaration

I , John Shek (Debtor) Certify that on May 9, 2018 Debtor given his amended income information and Debtor's income or expenses that are different from his income or expenses during the Pre-Filing period for his attorney to amend schedule A/B and to amend the Form 22C. Furthermore this information to prepare the required documents to make the Chapter 13 Bankruptcy Plan Payment Calculation .
I, John Shek , hereby declare the following : Debtor's current income is more

| | | |
|---|---|---|
| Total Employment/Business for July 2017 | was : | $ 4,386 xx/xx ± |
| Total Employment /Business for Aug. 2017 | was : | $ 4,200 xx/xx ± |
| Total Employment/ Business for Sept.2017 | was : | $ 4,100 xx/xx ± |
| Total Employment/ Business for Oct. 2017 | was : | $ 3,800 xx/xx ± |
| Total Employment/ Business for Nov. 2017 | was : | $ 4,100 xx/xx ± |
| Total Employement/Business for Dec. 2017 | was : | $ 6,809 xx/xx ± |

08-998     HAMILTON V. LANNING   545 F. 3d 1269
In Calculating the Debtor's Projected Disposable Income during The Plan Period , The Bankruptcy Court may consider evidence suggesting that the Debtor' s income or Expenses during that period are likely to be different from his or her income or expenses during the Pre-Filing period report on Official Form 22C
This will be given to my attorney to serve the Creditors and Trustee
I declare under penalty under the law of the States of California of the United States of America that the foregoing is true and correct and that this declaration was executed in May 9,2018

Dated : May 9,2018                Respectfully Submitted
                                                     May 9,2018
                                                   John Shek
                                                   Debtor

Bankruptcy Case No. 18 - 30051

Case: 18-30051   Doc# 50   Filed: 05/09/18   Entered: 05/09/18 16:02:31   Page 1 of 1
Case: 18-30051   Doc# 74   Filed: 06/12/18   Entered: 06/12/18 14:53:20   Page 16 of 20

**FW: 18-30051 RE: My Pay Stuff sent to you today to amend my schedule A / B and My income**

From: Lilian Tsang <liliant@burchardtrustee.com>
To: steve kolkey <steve.kolkey@gmail.com>; Nancy Weng <nweng@tsaoyee.com>
Cc: shekrjohn <shekrjohn@aol.com>
Date: Wed, May 16, 2018 7:43 am

Steve and Nancy,

Please address your client's concerns below.

Sincerely,

Lilian G. Tsang
Staff Attorney
*Office of David Burchard,*
*Chapter 13 Trustee (San Francisco & Santa Rosa)*

From: shekrjohn@aol.com [mailto:shekrjohn@aol.com]
Sent: Wednesday, May 16, 2018 5:40 AM
To: Lilian Tsang <liliant@burchardtrustee.com>
Subject: RE: 18-30051 RE: My Pay Stuff sent to you today to amend my schedule A / B and My income

The reason I was forced to communicate with the Trustee because she refused to amend . Her para legal kept using a part time job and a job which I was no longer working there. I believe an alternative motive was for the Trustee to verify my income/employment to dismiss my chapter 13 . Asked me to sign the payment plan with calculated /invented lower my income to have my case dismissed. They refused to acknowledge the 4 jobs I am currently working. Refused to acknowledge my new income after filing. My case # 18-30051. I have to file declaration to notified the court about my new income and payment plan.
Thank you
John shek

---

On Tuesday, May 15, 2018 Lilian Tsang <liliant@burchardtrustee.com> wrote:

Mr. Shek,

Please include your FULL NAME AND CASE NUMBER in all your emails to our office. We have about 5000 open cases in our office.

I'm not sure what your attachment are regarding/responding to. Please send all your documents/emails/inquiries to your attorney directly and have them forward to our office.

Your attorney should be communicating with our office, not you directly, as that is reason you are represented by an attorney.

Thanks.

Sincerely,

Lilian G. Tsang
Staff Attorney
*Office of David Burchard,*
*Chapter 13 Trustee (San Francisco & Santa Rosa)*

From: shekrjohn@aol.com [mailto:shekrjohn@aol.com]
Sent: Tuesday, May 15, 2018 11:38 AM
To: Lilian Tsang <liliant@burchardtrustee.com>
Subject: Fwd: My Pay Stuff sent to you today to amend my schedule A / B and My income

My attorney and her paralegal slacking ,refused to amended papers. Delayed to respond or non response to cities bank's motion. I was told to inform the Trustee
I m not trying to do anything. Just want to save my house I work 32 years of my life

---

From: shekrjohn <shekrjohn@aol.com>
Date: Tuesday, May 15, 2018
Subject: My Pay Stuff sent to you today to amend my schedule A / B and My income
To: steve.kolkey <steve.kolkey@gmail.com>
Cc: nweng <nweng@tsaoyee.com>

Exhibit C
2 of 2

```
 1  NANCY WENG (SBN: 251215)
    TSAO-WU & YEE, LLP
 2  99 N. First Street, Suite #200
    San Jose, CA 95113
 3  Telephone: 415-635-2334
    Fax: 415-777-2298
 4  nweng@tsaoyee.com

 5  Attorney for Debtor
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>John Shek<br><br>Debtor. | Case No. 18-30051<br>Chapter 13<br><br>**WITHDRAWAL OF DOCUMENT** |

Comes now, John Shek, by and through his attorney, Nancy Weng, to withdraw the Motion to Withdraw as Attorney and the Notice of Hearing on Motion to Withdraw as Attorney filed on May 15, 2018 under Docket Nos. #56 and #57.

Dated: June 8, 2018

/s/ Nancy Weng
Nancy Weng, Esq.
Attorney for Debtor

Page 1 - WITHDRAWAL OF DOCUMENT

In re: Shek
Chapter 13 Case No. 18-30051

John Shek
2220 Santiago Street
San Francisco, CA 94116
(925) 963-1610



FIL ED
JUN - 8 2018
UNITED STATES b...
SAN FR...

Exhibit D

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA -SAN-FRANCISCO

John Shek        ]  CASE NO, 18-30051    DM
    **Debtor**   ]
                  ]  DECLARATION

I , John Shek (Debtor) Certify that on June 8, 2018, Debtor had faxed his 2017 income tax return again to Debtor 's attorney Nancy Weng to forward to Trustee.

I , John Shek "Debtor" also acknowledge his attorney will file oppossition to Trustee's motion to dismiss Chapter 13 prior to confirmation. Furthermore Debtor's attorney will remain his attorney and will file motion to withraw the motion to withdraw representation which scheduled for June 20,1018.

I , John shek, "Debtor " had informed his attorney that the Draft Opposition need to be re-draft due to information was incorrect.  Debtor had make 2 declarations notified the Trustee that Debtor had been making multiples payments as followings :
    Two Payments of $ 275.00  U.S Postal Service money order  Sent May 9,2018
    One payment to Mr. Cooper with his sister $ 2,403.47  Ck # 1073 Sent 5/18/2018
    One payment to Mr. Cooper by his sister $ 860.19  Ck # 1200
**The above checks were priority mailed to Trustee in Memphis and Mr. Cooper**

in **June 5,2018** Debtor , John Shek used priority to mail payment of ($ 5,475) to Trustee in Memphis and filed declaration with the Court on June 7,2018.

**Debtor was told by Trustee at the hearing , Trustee asserted that Debtor was behind one payment.  Trustee further required Debtor to make another payment by 6/20/2018.**

**Trustee's requested that Debtor make one more payment by June 20,2018.  This is absurb.  The Trustee 's requirement of Debtor to make 2 payments of $ 5,475.xx within one month in the month of June 2018 as an excused to dismiss confirmation.**

Bankruptcy Case No.  18 - 30051                    1

**The requirement of making Two $ 5,475.xx dollars payment within a month ? .**

**The Trustee must think that Debtor had a printer to print money to satisfy her requirements by making multiple hearings and multiple requests for payments as a cause to dismiss the Chapter 13 payment plan.**

Debtor requested Mr. Cooper to present 1 ) The proof of claim. 2) The Escrow issue and the calculation of $ 2,403 payment increase.

Debtor , John Shek , also informed his attorney that the dollar amount of debt was incorrect according on Citi bank's record and Mr. Cooper's formulation according to County tax record of Escrow.

I declare under penalty under the law of the States of California of the United States of America that the foregoing is true and correct and that this declaration was executed in June 8,2018

Dated : June 8 ,2018

Respectfully Submitted

June 8,2018
John Shek
Debtor

Bankruptcy Case No. 18 - 30051          2

Case: 18-30051   Doc# 71   Filed: 06/08/18   Entered: 06/08/18 15:28:01   Page 2 of 2
Case: 18-30051   Doc# 74   Filed: 06/12/18   Entered: 06/12/18 14:53:20   Page 20 of 20